Case 2:18-cv-02896-JMA-SIL   Document 7   Filed 06/13/18   Page 1 of 5 PageID #: 200

FILED
CLERK
6/13/2018 3:53 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE ESTATE OF LINDA SUSAN VOGEL, by
GEORGE JOSEPH VOGEL, Administrator,

               Plaintiff,

     -against-

COUNTY OF SUFFOLK, NEW YORK, *et al*.,

               Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-2896 (JMA) (SIL)

**AZRACK, District Judge**:

On May 15, 2018, the Estate of Linda Susan Vogel, by George Joseph Vogel as administrator ("Vogel" or "plaintiff"), acting *pro se*, filed a complaint in this Court seeking to challenge the April 16, 2018 decision and order after trial of the Honorable James F. Matthews, District Court of Suffolk County, First District Court/Central Islip, New York, in favor of the County of Suffolk (the "Order"). [1] The Order determined "after due consideration of the documentary evidence and testimony received at trial, as well as the submissions and arguments by respondent," that the County of Suffolk "is entitled to a judgment of possession and a warrant of eviction without stay as against all respondents." (*See* Order, annexed to the Compl. at ECF No. 1-11.) Plaintiff paid the filing fee to commence this action.

On June 13, 2018, plaintiff filed a sparse "Emergency Motion for Preliminary Injunction" (the "Motion") seeking to stay eviction from the subject premises. Notably absent from plaintiff's

---

[1] The County of Suffolk had commenced a holdover proceeding against plaintiff under Index No. LT-002556-17/IS wherein the state court determined that "the undisputed evidence established that [the County of Suffolk] foreclosed on the subject premises based upon a failure to pay real property taxes and acquired title to the subject property by tax deed dated October 17, 2016." (*See* ECF No. 1-11.)

1

submission are a supporting affidavit and proposed order.[2] Plaintiff alleges that he was served with a sheriff's notice to vacate the premises on June 12, 2018. (*See* Mot. ¶ 1, and exhibit annexed thereto.) Although plaintiff claims in conclusory fashion that he will suffer "irreparable harm" if a stay of eviction is not entered, he has not provided any facts in support of such claim. (*Id.* ¶¶ 1, 4.) For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Given the dismissal of the complaint, the Motion is denied.

## I.  Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded to *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter cannot be waived and may be raised at any time or by the Court *sua*

---

[2] Local Civil Rule 7.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires that:

> [A]ll motions shall include the following motion papers:
>
> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

*See* Local Civil Rule 7.1(a). Plaintiff's submission is procedurally improper because it does not include a notice of motion, nor a supporting affidavit containing the factual information necessary for the determination of the motion. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). The Court, nonetheless, has considered plaintiff's application in light of his *pro se* status.

*sponte*. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is lacking, the action must be dismissed. *Id.; see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)) ("A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'") The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

### A. *Rooker-Feldman* Divests this Court of Subject Matter Jurisdiction

Under the *Rooker-Feldman* doctrine, federal courts generally lack subject matter jurisdiction over claims that seek to challenge adverse state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (denying relief "[t]o the extent that [the plaintiff] only seeks a declaration that his state conviction is invalid, [because the plaintiff] seeks nothing more than review of a state court judgment"); *Galtieri v. Kelly*, 441 F. Supp. 2d 447, 453 (E.D.N.Y. 2006) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005))). "Courts in this circuit have consistently held that any attack on a judgment of foreclosure is

clearly barred by the *Rooker-Feldman Doctrine*." *Pennicott v. JPMorgan Chase Bank, N.A.*, 16-CV-3044, 2018 WL 1891312, at *3 (S.D.N.Y. Apr. 18, 2018) (citing *Francis v. Nichols*, 2017 WL 1064719, at *4 (S.D.N.Y. Mar. 21, 2017)) (add'l citation omitted).

"*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiffs federal suit commenced." *Remy v. New York State Dep't of Taxation and Finance*, 507 F. App'x 16, 18 (2d Cir. 2013) (quoting *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim when that plaintiff is "complaining of injuries caused by state-court judgments rendered prior to the commencement of district court proceedings and inviting district court review of those judgments."); *see also McKithen*, 626 F.3d at 154-55 (explaining the rule in *Exxon* and rejecting as-applied challenge to New York state law which invited review of New York state court judgment). The first and fourth requirements are known as procedural requirements, whereas the second and third are seen as substantive requirements. *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010).

Here, all of the requirements are met as plaintiff directly challenges the orders of foreclosure and eviction and invites this Court to review and reject the state court decisions.[3] Because the *Rooker-Feldman* doctrine precludes the Court's exercise of jurisdiction over

---

[3] Although plaintiff does not provide the date that the order of foreclosure was entered, given that the April 16, 2018 order of eviction without stay references it, it had to have pre-dated the filing of the complaint in this Court.

4

plaintiff's claims, the complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Given the dismissal of the complaint, plaintiff's application for "emergency relief" is denied.[4]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff, enter judgment and close this case.

**SO ORDERED.**

Dated:	June 13, 2018
	Central Islip, New York

	/s/ (JMA)
	JOAN M. AZRACK
	UNITED STATES DISTRICT JUDGE

---

[4] In an abundance of caution, the Court has considered whether, even if the Court had subject matter jurisdiction, whether injunctive relief is warranted. However, plaintiff's request for preliminary injunctive relief—whether in the form of a temporary restraining order ("TRO") or a preliminary injunction—is denied because plaintiff has not satisfied the criteria required for the entry of such relief. Generally, to obtain a TRO, a plaintiff must show that (1) she will suffer irreparable harm if the TRO is not issued and (2) either (a) that she is likely to succeed on the merits of her claim; or (b) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party. *Tang Capital Partners, LP v. Cell Therapeutics, Inc.*, 591 F. Supp. 2d 666, 670 (S.D.N.Y. 2008); *accord Syler v. Woodruff*, 610 F. Supp. 2d 256, 262 (S.D.N.Y. 2009); *Foley v. State Elections Commission*, No. 10-CV-l091, 2010 WL 2836722, at *3 (D. Conn. July 16, 2010). A TRO "is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." *Hogan v. Fischer*, No. 09-CV-6225, 2009 WL 4042266, at *1 (W.D.N.Y. Nov. 19, 2009) (citing *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997)). Plaintiff's brief Motion does not establish that he is likely to succeed on the merits of his claims or that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in his favor.